# KING, HOLMES, PATERNO & SORIANO, LLP
ATTORNEYS AT LAW

HOWARD E. KING
KEITH T. HOLMES
PETER T. PATERNO
LAURIE L. SORIANO
STEPHEN D. ROTHSCHILD
LESLIE E. FRANK
SCOTT MCDOWELL
JOSEPH M. CARLONE
JACQUELINE SABEC
CHARLES HAMILTON
MICHAEL REXFORD
MARJORIE GARCIA
SAMUEL G. ROSEME
JOHN G. SNOW
JACKSON S. TRUGMAN
BRIGITTE L. ALANIS
TYLER G. GARBER
HAROLD C. PAPINEAU
CHRISTOPHER CHIANG
SAMUEL L. HIRSCH

OF COUNSEL
HENRY GRADSTEIN
TOR BRAHAM
JEFFREY P. SILBERMAN

1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE (310) 282-8989
FACSIMILE (310) 282-8903

SAN FRANCISCO OFFICE:
5 Ross Common
Ross, CA  94957
TELEPHONE: (415) 497-6364

WRITER'S DIRECT DIAL:
(310) 282-8955

February 14, 2023

**VIA ECF**

The Honorable Dora L. Irizarry
District Court Judge
United States District Court for the Eastern
District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Doe v. Warner et al.*, Case No. 2:23-cv-00862-DLI-ARL

Dear Judge Irizarry:

We write on behalf of Defendant Brian Warner, who requests a premotion conference in advance of a motion to compel Plaintiff Jane Doe to identify herself in the case caption as required by Rules 10(a), 17(a)(1), and 81(c)(1) of the Federal Rules of Civil Procedure.

On January 30, 2023, Plaintiff filed a Complaint in Nassau County alleging, among other things, claims against Warner for sexual assault.  *See* Dkt. 1-1 at Ex. A, pp. 4-37.  Plaintiff filed the Complaint under the pseudonym "Jane Doe."  *Id.*  On February 3, Warner removed the case to the Eastern District of New York, *see* Dkt. 1, which caused the New York state action to "proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).  At the time of removal, the New York court had not entered any order permitting Plaintiff to proceed pseudonymously.  *See* Dkt. 1-1, Ex. B; *cf. Doe v. City of San Diego*, 2015 WL 13942161, at *3 (S.D. Cal. Mar. 16, 2015) (allowing removed case to proceed anonymously where "the state court granted Plaintiff's request for anonymity prior to removal").

3310.098/1899123.2

The Honorable Dora L. Irizarry
February 14, 2023
Page 2

Just as in New York state court, plaintiffs in federal district court may not proceed pseudonymously absent special circumstances. "Federal Rule of Civil Procedure 10(a) requires the title of the complaint to 'name all the parties.'" *Rose v. Partnow*, 2022 WL 504392, at *1 (E.D.N.Y. Feb. 18, 2022). Similarly, Rule 17(a) mandates that "[a]n action must be prosecuted in the name of the real party in interest." *Malibu Media, LLC v. John Does 1-13*, 2012 WL 2325588, at *1 (E.D.N.Y. June 19, 2012). "[P]seudonyms are the exception and not the rule," and a party seeking to "receive the protections of anonymity . . . must make a case rebutting" the "presumption of disclosure." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008) ("This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly."). "This requirement applies equally to civil actions removed from state court." *Doe v. Univ. of Louisville*, 2018 WL 3313019, at *2 (W.D. Ky. July 5, 2018) (citing Fed. R. Civ. P. 81(c)(1)); *see also R.M. v. Scottsdale Ins. Co.*, 2020 WL 2801514, at *2 (D. Utah May 29, 2020) (ordering plaintiffs in removed case to file an amended complaint with "their actual names").

Warner intends to move to compel Plaintiff to amend the caption and state her real name, including because her "identity has not been kept confidential thus far." *A.B. v. Hofstra Univ.*, 2018 WL 1935986, at *3 (E.D.N.Y. Apr. 24, 2018) (denying request to proceed pseudonymously where plaintiff's identify was "already public"); *Corley v. Vance*, 2015 WL 4164377, at *9 (S.D.N.Y. June 22, 2015) (same); *Doe v. Fedcap Rehab. Servs., Inc.*, 2018 WL 2021588, at *3 (S.D.N.Y. Apr. 27, 2018) (same); *Andersen v. N. Shore Long Island Jewish Healthcare Sys.'s Zucker Hillside Hosp.*, 2013 WL 784344, at *4 (E.D.N.Y. Mar. 1, 2013) (same).

As the Complaint admits, "[i]n 2021, after several women came forward with reports of their own [alleged] abuse at the hands of Defendant Warner, **Plaintiff came forward online**." Compl., ¶ 68 (emphasis added); *see also Doe v. Nat'l Conf. of Bar Examiners*, 2017 WL 74715, at *3 (E.D.N.Y. Jan. 6, 2017) (finding that where plaintiff disclosed her own identity, the "cat [was] already out of the bag"). Plaintiff voluntarily and publicly disseminated information—including via on-the-record press interviews, social media postings, podcasts, and other communications—that identified her and her accusations against Warner. Unsurprisingly, her public, pre-litigation salvo contradicts the allegations in her anonymous Complaint in many material respects—foundering her credibility and exposing the illegitimacy of her otherwise time-barred claims. She may not now be permitted to avoid "public scrutiny" of her scurrilous accusations by hiding behind an anonymized caption. *Sealed Plaintiff*, 537 F.3d at 188-89.[1]

---

[1] Nor should her counsel be permitted, as they have in recent days, *under the cover of their pseudonymous Doe complaint*, to peddle abject falsehoods about Warner via their endless torrent of press conferences and social media posts. *See, e.g.*, bit.ly/3K7HHql; bit.ly/3K73M8o;

The Honorable Dora L. Irizarry
February 14, 2023
Page 3

      Determining whether Plaintiff may proceed as "Jane Doe" is a potentially case-dispositive issue. If Plaintiff is ordered to reveal her identity and refuses to, her Complaint must be dismissed. *See, e.g., Rapp v. Fowler*, 537 F. Supp. 3d 521, 533 (S.D.N.Y. 2021) (ordering plaintiff to "file an amended complaint containing his name no later than ten days after the date of this opinion"); Order, *Rapp v. Fowler*, Case No. 20-cv-9586, Dkt. 72 (S.D.N.Y June 17, 2021) (granting motion to dismiss claims where plaintiff refused to amend as ordered). And here, Plaintiff has already affirmed under oath that "[i]f I were to be forced to publicize my identity as a part of filing this lawsuit, I would strongly reconsider proceeding with it." Dkt. 1-1, Ex. B, p. 49. Likewise, whether Plaintiff may proceed as Jane Doe, as opposed to in her real name, will affect the form and substance of Warner's response to the Complaint, *e.g.*, what exhibits may be attached to such a response, and whether Warner may publicly file such exhibits. Warner believes that because Plaintiff's identity and prior accusations are public, the full extent of his challenges to the Complaint should be public.

      Accordingly, Warner requests a premotion conference to discuss his anticipated motion to compel Plaintiff Jane Doe to amend her Complaint to identify herself using her actual name as required by Rules 10(a), 17(a)(1), and 81(c)(1) of the Federal Rules of Civil Procedure. Because this is a potentially dispositive issue, resolution of which will affect the form and substance of Warner's response to the Complaint, Warner requests that the Court stay his responsive deadline under Rule 81(c)(2)(A), currently January 21, 2023, and set a briefing schedule following its ruling on whether Plaintiff may proceed with a pseudonym.

      Respectfully submitted,

*/s/ Howard E. King*

Howard E. King

KING, HOLMES, PATERNO &
SORIANO, LLP
Howard E. King, Esq. (*pro hac vice*)
John G. Snow, Esq. (*pro hac vice*)
Jackson S. Trugman, Esq. (*pro hac vice*)
1900 Avenue of the Stars, Twenty-Fifth Floor
Los Angeles, California 90067-4506
Tel: (310) 282-8989
jsnow@khpslaw.com

---

bit.ly/3S0svxc; bit.ly/40T8cFZ; bit.ly/3InTCPu; bit.ly/3K3M71u; bit.ly/3XykZuB; bit.ly/3E5wJxC; bit.ly/3S0tSfk; bit.ly/3K8j6BY.

3310.098/1899123.2

The Honorable Dora L. Irizarry
February 14, 2023
Page 4

        -and-

        BERK BRETTLER LLP
        Andrew B. Brettler, Esq. (AB2662)
        9119 Sunset Blvd.
        West Hollywood, CA 90069
        Tel: (310) 278-2111
        abrettler@berkbrettler.com

        *Attorneys for Defendant Brian Warner a/k/a Marilyn Manson*

cc:    Jeff Anderson, Esq., counsel for Plaintiff
        Karen Barth Menzies, Esq., counsel for Plaintiff