UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JANE DOE,                                    :
                                             :
                          Plaintiff,   :
                                             :
                -against-   :          **MEMORANDUM & ORDER**
                                             :          **OF REMAND**
BRIAN WARNER a/k/a MARILYN                   :          **23-cv-862(DLI)(ARL)**
MANSON, INTERSCOPE MUSIC                     :
PUBLISHING, INC., NOTHING                    :
RECORDS, and DOES 1-20,                      :
                                             :
                     Defendants.  :
----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On January 30, 2023, Jane Doe ("Plaintiff") filed a verified complaint ("Complaint") in New York State Supreme Court, Nassau County ("state court") pursuant to the New York Adult Survivors Act ("ASA"), N.Y. C.P.L.R. § 214-j, against Brian Warner a/k/a Marilyn Manson ("Defendant Warner"), his former record labels, Interscope Music Publishing, Inc. ("Defendant Interscope") and Nothing Records ("Defendant Nothing"), and 20 unnamed Does ("Defendant Does 1-20")(collectively, "Defendants"), seeking damages and other relief for injuries stemming from alleged instances of sexual assault and abuse. *See,* Complaint ("Compl."), Dkt. Entry No. 1-1.[1] Plaintiff asserts a sexual battery claim against Defendant Warner, an intentional infliction of emotional distress ("IIED") claim against all Defendants, and various negligence claims and a New York General Business Law ("GBL") § 349 claim against Defendants Interscope, Nothing, and Does 1-20. *Id.*

On February 3, 2023, Defendant Warner removed the action to this Court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See*, Notice of Removal ("Notice"),

---

[1] On February 24, 2023, Plaintiff disclosed her identity, revealing herself as Bianca Kyne. *See,* Disclosure Stmt., Dkt. Entry No. 18.

Dkt. Entry No. 1, ¶¶ 3-6. The Notice alleges that, at the time of removal, Defendant Warner had not been served with the Complaint, but he had received a copy of the Complaint "on or around January 30, 2023," the day the Complaint was filed. *Id.* ¶ 2. It also alleges that, while Defendant Warner does not know whether Defendant Interscope and Defendant Nothing have been served with the Complaint and summons, he "understands" that they both "consent to removal of the action." *Id.* ¶ 8. To date, neither Defendant Interscope nor Defendant Nothing has responded to the Complaint or otherwise appeared in this action.

On February 14, 2023, Defendant Warner filed a premotion conference ("PMC") request regarding an anticipated motion to compel Plaintiff to reveal her identity. *See,* PMC Request, Dkt. Entry No. 10. However, on February 17, 2023, Plaintiff filed a response letter stating that she is willing to reveal her true name, rendering moot Defendant Warner's PMC request and anticipated motion to compel. *See,* PMC Response, Dkt. Entry No. 12; Electronic Order dated February 22, 2023 (denying PMC request as moot). On February 21, 2023, Defendant Warner filed a motion to dismiss and strike pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(f), respectively, (the "Motion to Dismiss and Strike"), seeking to dismiss a number of claims and strike a number of allegations. *See,* Mot. to Dismiss and Mot. to Strike, Dkt. Entry No. 14. To date, Plaintiff has not filed a motion for remand. For the reasons set forth below, this case is remanded to state court *sua sponte* for failure to establish subject matter jurisdiction and for failure to comply with one of the procedural requirements for removal.[2]

## **DISCUSSION**

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c),

---

[2] As the Court lacks subject matter jurisdiction over this action, it has no authority to rule on Defendant Warner's Motion to Dismiss and Strike. Accordingly, the Motion to Dismiss and Strike is terminated.

states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute to authorize a district court to remand *sua sponte* under two circumstances: (1) "at any time, if the district court finds that it does not possess subject matter jurisdiction;" and (2) "within 30 days of the filing of the notice of removal if the district court remands the case on procedural grounds." *Heery v. Stop & Shop Supermarket Co., LLC.*, 2017 WL 1745490, at *1 (E.D.N.Y. May 3, 2017) (citing *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006)). The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994); *See, Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150-51 (2d Cir. 2021). Therefore, and "[p]ivotally, the removing party bears the burden of demonstrating both the existence of subject matter jurisdiction and compliance with the relevant procedural requirements[.]" *Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, 2015 WL 1730067, at *7 (S.D.N.Y. Apr. 14, 2015) (collecting cases) (internal citations and quotation marks omitted). Here, the Court finds that Defendant Warner has failed to establish subject matter jurisdiction and demonstrate compliance with one of the procedural requirements for removal, warranting remand.

**I. Subject Matter Jurisdiction**

Where, as here, a defendant seeks to remove a case based on diversity jurisdiction, the defendant bears the burden of establishing that the requirements of diversity jurisdiction have been met. *See, Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). Pursuant to 28 U.S.C. § 1332(a), the removing party must establish that: (1) there is complete diversity of citizenship of the parties; and (2) the amount in controversy exceeds the $75,000 jurisdictional threshold,

3

exclusive of costs and interest. *Id*. Here, the Court finds that Defendant Warner has failed to establish that the amount in controversy requirement is met and, thus, has not established this Court's subject matter jurisdiction over the action, warranting remand.

To satisfy the amount in controversy requirement, a removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]," exclusive of interest and cost. *United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (internal citations omitted); 28 U.S.C. § 1332(a). Indeed, "the amount in controversy must be non-speculative in order to satisfy the statute, and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient." *Elome v. Sva Trucking LLC*, 2021 WL 4489456, at *1 (E.D.N.Y. Sept. 30, 2021) (internal citations and quotation marks omitted). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273-74 (internal citations and quotation marks omitted).

Here, Defendant Warner relies on allegations provided in the Complaint to support his assertion that the amount in controversy requirement is satisfied. However, Defendant Warner "cannot meet [his] burden by relying on inferences drawn from the Complaint, because the Complaint does not allege a damages amount." *See, Herrera v. Terner*, 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016). In fact, Defendant Warner acknowledges that the Complaint does not state "a specific amount of damages," noting that N.Y. C.P.L.R. § 3017(c) "'does not permit a complaint in a personal injury case to demand a specific amount [and] allow[s] only a supplemental demand for total damages[.]'" Notice ¶ 5 (quoting *Brown v. Richer-Guinard*, 2020 WL 2833867,

4

at *1 (S.D.N.Y. June 1, 2020)). Defendant Warner further alleges, correctly, that, given this statutory restriction, the Notice may assert the amount in controversy. *Id.* (citing 28 U.S.C. § 1446(c)(2)(A)(ii)); *See, Minaudo v. Sunrise at Sheepshead Bay*, 2023 WL 110359, at *2 (E.D.N.Y. Jan. 5, 2023) ("When the initial pleading seeks monetary damages but State practice…does not permit demand for a specific sum, the notice of removal may instead assert the amount in controversy.") (internal citations and quotation marks omitted) (alterations in the original).

Nonetheless, and to Defendant Warner's detriment, the Notice does not assert an amount in controversy. Instead, it contains a regurgitation of conclusory allegations from the Complaint stating Plaintiff's injuries and damages in generalized, boilerplate terms. *See,* Notice ¶ 6 (alleging that Defendant Warner "understands and believes that Plaintiff is seeking damages in excess of $75,000" because "[t]he complaint alleges (albeit falsely) multiple incidents of sexual assault and claims all the following categories of 'past, present, and future' damages as a result: 'severe' physical, emotional, and psychological injuries; pain and suffering; lost earnings; and economic damages" as well as seeks "civil penalties, statutory damages, costs of suit, attorneys fees, punitive/exemplary damages, and a final prayer for all such other relief"). Such allegations are insufficient to satisfy Defendant Warner's burden of establishing with "reasonable probability" that the amount in controversy requirement is satisfied. *See, John Wiley & Sons, Inc. v. Glass*, 2010 WL 1848226, at *3 (S.D.N.Y. May 7, 2010) (finding removal notice insufficient to support amount in controversy where it alleged that it was "facially apparent from the Complaint that Plaintiff seeks an amount in controversy in excess of $75,000" and merely "repeat[ed] the relief [Plaintiff] requested in its Complaint" in a conclusory manner).

The Notice also alleges that "Plaintiff is represented by high-profile plaintiffs' counsel, who, since filing, have unleashed a torrent of coordinated press releases, social media campaigns,

5

and press conferences that target defendants and seek to promote this case and recruit others," but, without more, it is wholly unclear how this speculative, rhetorical, and seemingly irrelevant allegation supports any amount in controversy. *See,* Removal Notice ¶ 6.

Moreover, and significantly, the Complaint lacks sufficient information concerning "the nature and extent of Plaintiff's injuries, the treatment received, or details regarding the other losses [s]he purportedly suffered." *Herrera*, 2016 WL 4536871, at *2. As such, the Court is left to guess at the amount in controversy based on the Complaint's generalized and boilerplate language concerning Plaintiff's injuries. *See, e.g.,* Compl. ¶¶ 5-6, 76, 99, 109, 119, 130 (alleging that Plaintiff "has suffered severe emotional, physical and psychological distress, including shame, and guilt, economic loss, economic capacity and emotional loss" and "severe physical, emotional, and psychological injuries, along with pain and suffering").

"Notwithstanding the severity of the alleged harm," such boilerplate pleadings are too generalized to enable the Court to "draw a reasonable inference—as opposed to speculating—that the damages or amount in controversy exceeds $75,000." *Minaudo*, 2023 WL 110359, at *3 (collecting cases remanded for failure to establish amount in controversy, even where permanent, serious, and fatal injuries were alleged because allegations did not particularize extent of injuries or damages); *O'Neill v. Target Corp.*, 2021 WL 2634880, *2 (E.D.N.Y. June 25, 2021) (remanding case involving allegations that "plaintiff suffered serious and permanent injury to fourteen (14) different body parts" and suffered injuries that "incapacitated her from employment and required an extensive, and ongoing, course of treatment involving nineteen (19) different medical providers/facilities," finding the allegations provided "nothing regarding the specific amount or extent" of any alleged injuries or damages); *See, e.g., Jean-Louis v. Amazon.com Servs., LLC*, 2022 WL 3867668, at *2-3 (E.D.N.Y. Aug. 29, 2022) (remanding action seeking, *inter alia*,

back pay, front pay, and emotional distress damages where neither removal notice nor complaint alleged facts suggesting inability to obtain other employment in support of request for front pay or described extent and manifestation of plaintiff's injury or symptoms in support of request for emotional distress damages); *King v. J.B. Hunt Transport, Inc.,* 2020 WL 6545905, at *2 (E.D.N.Y. Nov. 6, 2020) (remanding case in light of boilerplate allegations that plaintiff "sustained severe and protracted personal injuries, endured pain and suffering, were, and are, incapacitated from their normal pursuits, incurred lost earnings and medical expenses, [and] lost the enjoyment of life"). Accordingly, the Court finds that Defendant Warner has failed to establish with reasonable probability that the amount in controversy requirement is met for purposes of establishing diversity jurisdiction, warranting remand.

Notably, Defendant Warner was not without recourse to determine the amount of damages Plaintiff seeks. "As courts in this district have reiterated time and time again in *sua sponte* remanding cases, the state courts provide an established and simple mechanism for ascertaining the amount in controversy, through a supplemental demand under [N.Y. C.P.L.R.] § 3017(c)[.]" *Cavaleri v. Amgen Inc.,* 2021 WL 951652, at *3 (E.D.N.Y. Mar. 12, 2021) (collecting cases). Indeed, Defendant Warner could have availed himself of this procedural mechanism that permits a defendant in "an action to recover damages for personal injuries" to "at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c); *See, Jean-Louis,* 2022 WL 3867668, at *3, n. 5 (confirming that "personal injuries" has been interpreted to include emotional distress) (internal citations omitted). Under this mechanism, a plaintiff is required to provide the supplemental demand within fifteen days of the request and failure to provide the information allows a defendant to move in the state court for an order directing the production of that information. N.Y. C.P.L.R. § 3017(c).

7

Additionally, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). Thus, rather than prematurely removing the action to this Court, Defendant Warner could, and should, have availed himself of this procedural mechanism. *See, Herrera,* 2016 WL 4536871, at *2.

Curiously, in the Notice, Defendant Warner acknowledged that N.Y. C.P.L.R. § 3017(c) allows "a supplemental demand for total damages[.] *See,* Notice ¶ 5 ((citing *Brown*, 2020 WL 2833867, at *1) (discussing instance where a defendant utilized N.Y. C.P.L.R. § 3017(c)'s mechanism)). However, having failed to avail himself of this mechanism, Defendant Warner "proceed[ed] at [his] peril" in removing this case and "simply presuming that [his] allegations [would] be deemed sufficient with respect to the required amount in controversy." *Cavaleri,* 2021 WL 951652, at *3 (collecting cases); *See, Cadmen v. CVS Albany, L.L.C.*, 2022 WL 138056, at *2 n. 2 (E.D.N.Y. Jan. 14, 2022) (finding removal of state action "premature" where defendant failed to use N.Y. C.P.L.R. § 3017(c) to determine the amount of damages sought by plaintiff before removing).

## II. Procedural Defect

While Defendant Warner's failure to establish that he met the jurisdictional amount in controversy requirement alone is sufficient to warrant remand, the Court notes that remand is warranted for the additional reason that Defendant Warner also has failed to establish compliance with a critical procedural requirement for removal, known as the "rule of unanimity."

A party seeking to remove a case based on diversity jurisdiction shall file the notice of removal "'within 30 days after the receipt by the defendant' of the initial pleading or summons, 'whichever period is shorter.'" *Taylor*, 15 F.4th at 150 (citing 28 U.S.C. § 1446(b)(1)). Notably,

"within that thirty-day window, 'all defendants who have been properly joined and served must join in or consent to the removal of the action,'" a procedural requirement known as "the rule of unanimity." *Id*. (citing 28 U.S.C. § 1446 (b)(2)(A)). In this Circuit, "it is well-established that defendants 'must *independently* express their consent to removal.'" *Id.* at 151 (quoting *Pietrangelo v. Alvas Corp*., 686 F.3d 62, 66 (2d Cir. 2012)) (emphasis added).

Furthermore, to comply with the rule of unanimity, "each defendant must submit written consent unambiguously agreeing to removal." *Metro. Transp. Auth.*, 2015 WL 1730067, at *4 (internal citations and quotation marks omitted); *See, Jean-Jacques v. Uber Technologies, Inc*., 2022 WL 17095036, at *1 (E.D.N.Y. Oct. 21, 2022) (collecting cases), *report & recommendation adopted*, 2022 WL 17092835 (E.D.N.Y. Nov. 21, 2022); *Gold Town Corp. v. United Parcel Svcs., Inc.,* 519 F. Supp.3d 169, 175-76 (S.D.N.Y. 2021) (collecting cases). Therefore, and of particular relevance here, "[i]t is well established in this Circuit that it is not sufficient for a non-removing defendant to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." *Jean-Jacques,* 2022 WL 17095036, at *1; *See, Margaritis v. Mayo*, 2021 WL 3472695, at *6 (E.D.N.Y. Aug. 6, 2021); *Metro. Transp. Auth.*, 2015 WL 1730067, at *4. "Instead where, as here, the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period." *Metro. Transp. Auth.*, 2015 WL 1730067, at *4 (internal citations and quotation marks omitted).

"The rule [of unanimity] is strictly interpreted and enforced. If it is not satisfied, then the petition is defective and the case must be remanded." *Margaritis*, 2021 WL 3472695, at *6-7 (analyzing unanimity requirement *sua sponte* and noting that failure to comply therewith "provides

9

an independent basis for remand") (internal citations and quotation marks omitted); *See, Jean-Jacques,* 2022 WL 17095036, at *1 (explaining that noncompliance with rule of unanimity is a "fatal procedural defect that warrants remand" and remanding *sua sponte* for, *inter alia*, failure to comply with rule of unanimity); *Donovan v. Barrero Aguero*, 2022 WL 3588008, at *2 (E.D.N.Y. Aug. 1, 2022) (same), *report & recommendation adopted*, 2022 WL 3586569 (E.D.N.Y. Aug. 22, 2022); *Nasir v. HD Supply Facilities Maint., Ltd.*, 2021 WL 5356746, at *2 (E.D.N.Y. Nov. 17, 2021) (same).

Here, there is no evidence that Defendant Interscope and Defendant Nothing have consented to Defendant Warner's removal of this action unambiguously or in writing. Defendant Warner removed this action alone. Neither Defendant Interscope nor Defendant Nothing joined or signed Defendant Warner's Notice or otherwise stated their consent in writing at the time of removal or any time thereafter. Defendant Warner alleges in the Notice that he "understands that" Defendant Interscope and Defendant Nothing "consent to removal of the action," but, as mentioned above, it is not sufficient for a removing defendant to represent consent to removal on a non-removing defendant's behalf. *See,* Notice ¶ 8; *See, e.g., Jean-Jacques,* 2022 WL 17095036, at *1. Moreover, even if such an allegation made on a non-removing defendant's behalf could suffice, which it cannot, Defendant Warner failed to state the basis for his alleged "understanding," rendering the allegation far from "unambiguous." *See,* Notice ¶ 8. Additionally, Defendant Warner did not attach to his Notice any written evidence of consent from Defendant Interscope or Defendant Nothing. Fatally, to date, no written confirmation of consent has been provided from, or on behalf of, Defendant Interscope or Defendant Nothing and, in fact, neither one has appeared in this action.

To be sure, there is an exception to the rule of unanimity for a defendant who has not been

served at the time the removal petition is filed. *See, e.g., Metro. Transp. Auth.*, 2015 WL 1730067, at *4. In this regard, it bears noting that Defendant Warner alleges that, "pursuant to [Local Rule ("LR")] 81.1(5)," he "does not know whether [Defendant Interscope or Defendant Nothing] has been served with the complaint and summons." Notice ¶ 8. However, to the extent this disclaimer of knowledge is intended to implicate the exception to the rule of unanimity for unserved defendants, it does not and cannot do so. As an initial matter, an allegation that "disclaims knowledge as to whether [other defendants] had been served at the time of removal" is insufficient to "implicate any exception to the rule of unanimity." *Metro. Transp. Auth.*, 2015 WL 1730067, at *7. It is Defendant Warner's burden, as the proponent of removal, to "'*affirmatively* set forth'" the grounds for removal and demonstrate that removal is proper. *See, Margaritis*, 2021 WL 3472695, at *5 (quoting 28 U.S.C. § 1446(a)) (emphasis added). In the face of this burden, the absence of an affirmative allegation as to whether Defendant Interscope and Defendant Nothing have been served is fatal to the invocation of any exception to the rule of unanimity and, as such, is fatal to his ability to demonstrate compliance with the rule of unanimity. Additionally, the Court finds it puzzling, and suspect, that Defendant Warner apparently was able to ascertain from Defendant Interscope and Defendant Nothing their consent to removal, but was unable to, or did not bother to, ascertain from them whether they had been served in this action.

That Defendant Warner made his disclaimer of knowledge pursuant to LR 81.1 does not change this calculus. *See,* Notice ¶ 8. Under LR 81.1, a removal notice based on diversity jurisdiction must include certain information, including, as relevant here, "the date on which each party that has been served was served." *See,* LR 81.1. The last sentence of the rule provides that, if any required information is "unknown to the removing party, the removing party may so state" and "plaintiff within twenty-one (21) days after removal shall file…a statement of the omitted

information." *Id.* However, as discussed in the astutely well reasoned decision issued by the Honorable Brian M. Cogan, United States District Judge of this Court, in *Ocean Units LLC v. Illinois Union Insurance Co.,* "the last sentence of [LR 81.1] is unenforceable." *Ocean Units LLC v. Illinois Union Ins. Co.,* 528 F. Supp.3d 99, 101-03 (E.D.N.Y. 2021) (finding that the rule, which, *inter alia,* permits removal of cases over which a court lacks jurisdiction, is contrary to the fundamental requirements set forth by Congress, and is inconsistent with the rule that a removal notice must set forth the grounds for removal affirmatively and should be construed narrowly). Thus, to the extent Defendant Warner's citation to LR 81.1 is intended to excuse his failure to allege affirmatively whether his co-defendants were served prior to removal, the Court finds that it does not do so. Moreover, even if the Court were to find the mechanism set forth in the last sentence of LR 81.1 to be valid, Defendant Warner has failed to enforce Plaintiff's compliance with the rule's requirement that, where, as here, a removing party invokes the rule's mechanism for ascertaining unknown information, the plaintiff must file a statement providing such information within 21 days of removal. *See,* LR 81.1. Here, February 24, 2023 marked 21 days from the date of removal. However, to date, Plaintiff has not filed a statement of omitted information pursuant to LR 81.1 and Defendant Warner has taken no action to enforce or request compliance therewith.

In sum, it was incumbent on Defendant Warner, as the removing party, to ensure compliance with the requirements for removal and his failure to do so is fatal to his case. Accordingly, remand is warranted for the additional reason that Defendant Warner has failed to establish compliance with the rule of unanimity. *See, e.g.,* Nasir, 2021 WL 5356746, at *2 ("The failure to comply with the unanimity requirement is fatal to the removal of this action and remand is required.").

## **CONCLUSION**

For the reasons set forth above, this case is remanded for lack of subject matter jurisdiction and on procedural grounds to New York State Supreme Court, Nassau County, under Index No. 900001/2023, for further proceedings and all motions before this Court are terminated.

SO ORDERED.

Dated: Brooklyn, New York
       March 3, 2023

/s/
DORA L. IRIZARRY
United States District Judge